# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

BEVERLY KNOWLES, individually, and on behalf of all similarly situated individuals,

    Plaintiff,

v.

HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for Citigroup Mortgage Loan Trust, Inc. Asset-Backed Pass-Through Certificate, Series 2007-SHL1,

    Defendant.

CIVIL ACTION NO. 5:11-cv-01953-IPJ

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant HSBC Bank USA, National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. Asset-Backed Pass-Through Certificate, Series 2007-SHL1, and states the following as its Answer and Affirmative Defenses of the Complaint filed by Plaintiff Beverly Knowles.

## INTRODUCTION

1. The allegations contained in this paragraph of the Complaint do not require a response from Defendant. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

## JURISDICTION AND VENUE

2. Upon information and belief Defendant admits the allegations contained in this paragraph of the Complaint.

3. At this time, Defendant is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint; therefore, Defendant denies the same and demands strict proof thereof.

## THE PARTIES

4. Upon information and belief Defendant admits the allegations contained in this paragraph of the Complaint.

5. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

## FACTUAL ALLEGATIONS

6. Defendant admits that an assignment of mortgage was executed on May 2, 2011. Defendant denies that this is the initial point at which it received an interest in Plaintiff's mortgage loan, and demands strict proof thereof.

7. Upon information and belief Defendant admits the allegations contained in this paragraph of the Complaint.

8. Defendant states that 15 U.S.C. § 1641(g) speaks for itself. Defendant denies that the assignment of mortgage falls within the purview of § 1641(g), and demands strict proof thereof.

## COUNT ONE

9. Defendant adopts and incorporates by reference its preceding answers as if fully set forth herein.

10. At this time, Defendant is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint; therefore, Defendant denies the same and demands strict proof thereof.

11. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

12. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

As to the unnumbered paragraph following paragraph 12 of the Complaint, Defendant denies that the Plaintiff is entitled to the relief requested, or any relief whatsoever, and demands strict proof thereof.

## CLASS ALLEGATIONS

13. Defendant adopts and incorporates by reference its preceding answers as if fully set forth herein.

14. The allegations contained in this paragraph of the Complaint, and all subparagraphs thereto, do not require a response from Defendant. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

15. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

16. The allegations contained in this paragraph of the Complaint, do not require a response from Defendant. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

17. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

18. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

19. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

20. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

21. At this time, Defendant is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint; therefore, Defendant denies the same and demands strict proof thereof.

22. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

23. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

24. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

25. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

26. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

27. Defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof.

As to the unnumbered paragraph following paragraph 27 of the Complaint, and all subparagraphs thereto, Defendant denies that the Plaintiff and/or the class is entitled to the relief requested, or any relief whatsoever, and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' Adversary Complaint fails to state a cause of action for which relief can be granted.

2. The claims of the Plaintiffs individually and on behalf of the class are barred by the applicable statute of limitations.

3. Plaintiffs have suffered no damages and thus they are not entitled to actual or statutory damages.

4. 15 U.S.C. § 1641(g) is inapplicable to this case because Defendant obtained its interest in Plaintiffs' loan prior to this section taking effect.

5. Plaintiffs' claims are barred by the doctrines of waiver, collateral estoppel, judicial estoppel, res judicata, ratification, acquiescence, laches, and consent.

6. Plaintiffs are not entitled to any relief because they have "unclean hands".

7. Plaintiffs' claims on behalf of the class are barred by the Fourteenth Amendment of The United States Constitution.

8. Plaintiffs' requested certification of a class action does not meet the requirements of, and is not maintainable under, Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

9. Plaintiffs' requested certification of a class action is not the superior method for the fair and efficient adjudication of an action such as this.

10. Defendant denies that questions of law or fact are common to the proposed class given the allegations at issue.

11. Defendant denies that the claims or defenses of the proposed class representative are typical of the claims or defenses of the proposed class.

12. Defendant denies that the proposed class representative will fairly and adequately protect the interests of the purposed class.

13. Plaintiffs have failed to mitigate or reasonably attempt to mitigate their damages.

14. Plaintiffs' damages, if any (which Defendant expressly denies) were not proximately caused by any action or inaction on the part of Defendant.

15. Defendant has not committed any wrongful, illegal, or inappropriate act, and Defendant has not breached any duty owed to Plaintiffs, if any exists (which Defendant denies).

16. Plaintiffs' claims for punitive damages are barred due to the absence of any legal malice, willfulness, wantonness, recklessness, insult, or intentional act by Defendant.

17. Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to this Defendant under the Constitution of the State of Alabama.

18. Defendant avers that the Plaintiffs are not entitled to punitive damages.  However, in the event that punitive damages are deemed proper, any claim for punitive damages, on its face and/or as applied in this case is in violation of: the 5th Amendment of the U.S. Constitution; the right to counsel provided by the 6th Amendment of the U.S. Constitution; the right to trial by jury of the 7th Amendment of the U.S. Constitution; the proportionality principles and excessive fines clause contained in the 8th Amendment of the U.S. Constitution; and the Due

Process Clause and Equal Protection Clause of the 14th Amendment of the U.S. Constitution.

19. There is no set of objective and/or definitive standards for determining the alleged reprehensibility of this Defendant's conduct complained of or that this Defendant could be aware that its said course of conduct may allow the imposition of punitive damages, and hence any punitive damages assessed against this Defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

20. The award of punitive damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

21. The imposition of punitive damages, or the determination of the amount of punitive damages, based in whole or in part in any way on this Defendant's actions as alleged in this case, would violate, separately and jointly, the Commerce Clause and the Fifth and Fourteenth Amendments of the U.S. Constitution.

22. The Plaintiffs are barred from recovering on any of their claims, separately and severally, any punitive damages claimed therein for reason that the recovery of punitive damages violates this Defendant's due process rights under the Fourteenth Amendment of the United States Constitution.

23. The Plaintiffs and the class are barred from recovering punitive damages and/or statutory damages in this case because there is no reasonable relationship between any punitive damages award that could be made in this case and the harm likely to result from the Defendant's conduct as well as the harm that actually has allegedly occurred to Plaintiffs and/or the class.

24. Imposition of punitive damages are barred against the Defendant in this case for reason that the conduct complained of is not sufficiently reprehensible to sustain the award of any punitive damages, and an award of punitive damages for such conduct would violate the Due Process Clause under the Fourteenth Amendment of the United States Constitution and violate or contravene the holdings of the Unites States Supreme Court in the cases of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

25. Punitive damages cannot be awarded in this case without violating the basic guarantee of non-arbitrary governmental behavior guaranteed under the Due Process Clause of the United States Constitution.

26. Statutory damages assessed against the Defendant on behalf of a class certified by this court without proof of actual damages violates the Defendant's right of Due Process under the 14th Amendment of the U.S. Constitution. *See*

*London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1255 n.5 (11th Cir. 2003) (citing *Kline v. Coldwell Banker & Co.*, 508 F.2d 226 (9th Cir. 1974)).

27. Defendant expressly reserves the right to amend its answer and/or to assert additional affirmative defenses if facts come to light in this matter, so as to warrant the assertion of such defenses.

                    s/ Meaghan E. Ryan
                    Shaun Ramey (ASB-6667-U73R)
                    Meaghan E. Ryan (ASB-3666-A52R)

                    Attorneys for Defendant HSBC Bank USA, National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. Asset-Backed Pass-Through Certificate, Series 2007-SHL1

OF COUNSEL:
SIROTE & PERMUTT, PC
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel: 205-930-5295
Fax: 205-930-5335
sramey@sirote.com
mryan@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF e-filing system, which will send notification of such filing to the following and have served the non-registered agents via United States Mail:

D.W. Grimsley Jr.
Tammy C. Woolley
Woolley, Edge & Grimsley, LLC
21 South Section Street
Fairhope, AL 36532
dwgrimsleyjr@me.com
tammy766@gmail.com

/s/ Meaghan E. Ryan
Of Counsel