# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

BEVERLY KNOWLES, individually
and on behalf of all similarly situated
individuals,

    Plaintiff,

vs.                                                      CASE NO. CV-11-J-1953-S

HBSC BANK USA,

    Defendant.

## MEMORANDUM OPINION

The plaintiff filed the complaint in this action under the Truth-in-Lending Act ("TILA"), asserting that the defendant failed to notify her within 30 days of the transfer or assignment of the mortgage loan at issue, in violation of 15 U.S.C. § 1641(g).[1] The parties have filed cross motions for summary judgment (docs. 33 and 38) and briefs and evidence in support of their respective positions (docs. 34 and 38-41). The parties filed responses to each others initial briefs[2] (docs. 48-49 and 53-

---

[1] Although styled as a class action, no class has been certified to date. Plaintiff has filed a motion for class certification (doc. 35), however, the defendant requested consideration of such motion be delays pending resolution of the motions for summary judgment, which the court has allowed. Thus, for purposes of the pending motions, the court considers the plaintiff's claim solely as it relates to her.

[2] Defendant filed both a 12 page response to plaintiff's statement of undisputed facts (doc. 49), which were contained within her initial 25 page brief, and a separate 25 page response to the plaintiff's motion (doc. 48). This court's scheduling order allows 25 pages for responses. There is no provision for separate argument styled as "Undisputed Facts." The court finds argument disguised as "Undisputed Fact" violates the scheduling order, and therefore is summarily stricken. Hence, the court has considered the defendant's opposition (doc. 48), but not its

54) and thereafter filed replies as well (docs. 55 and 56). Upon consideration of the pleadings, memoranda and evidentiary submissions received, the court concludes that the defendant's motion is due to be granted and the plaintiff's motion is due to be denied, for the reasons set forth herein.

## FACTUAL BACKGROUND

The undisputed facts of this case are as follows: The plaintiff and her husband owned a house at 1205 Steger Road, Meridianville, Alabama. Plaintiff depo. (submitted as defendant ex. B) at 7, 11. They built the house in 2001 with money James Knowles, plaintiff's husband, inherited. Plaintiff depo. at 11-12. Needing to finance their son's college education, the Knowles took out a mortgage on the property in May 2006. Plaintiff depo. at 12. The Note, signed solely by James Knowles, states that payments will be made to Option One Mortgage Company. Defendant ex. 2. On the same date as the Note, James Knowles also signed a Limited Power of Attorney, which lists the "Name of Lender making new loan" as "Option One Mortgage Company." Defendant ex. 3, at 000325. The mortgage, listing both James and Beverly Knowles as the "grantors" states "[t]his security instrument is given to Option One Mortgage Corporation." Defendant ex. 4.

---

additional argument in its response to plaintiff's undisputed facts (doc. 49). For the same reason, the court has declined to consider the plaintiff's response to the defendant's statement of material facts (doc. 53).

An "Assignment, Assumption and Recognition Agreement," dated April 1, 2007, was entered between

> Citigroup Global Markets Realty Corp. (the "Assignor"), Option One Mortgage Corporation (the "Company" or the "Servicer") and HSBC Bank USA, National Association, as trustee (the "Assignee" or the "Trustee") for the benefit fo the holders of the Citigroup Mortgage Loan Trust, Inc., Asset-Backed Pass-Through Certificates, Series 2007-SHL1.

It states that

> In consideration of the mutual promises contained herein the parties hereto agree that the residential mortgage loans (the "Assigned Loans") listed on Attachment 1 annexed hereto (the "Assigned Loan Schedule") owned by the Assignor and now serviced by Company for the Assignor and its successors and assigns ...shall be serviced by the Company on behalf of the Assignee in accordance with the provisions of the Servicing Agreement...

Defendant ex. A-7.  *See also* Affidavit of Kistler, ¶¶ 9-10.  There is no dispute that the mortgage loan in question was listed in Attachment 1.  That agreement further required that

> The Company shall establish a Custodial Account as an Eligible Account, entitled "Option One Mortgage Corporation, as servicer for Wells Fargo Bank, N.A., as master servicer for HSBC Bank, USA, National Association, as trustee for the holders of Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-Through Certificates...."

Defendant ex. A-7 at 00253.  *See also* Affidavit of Kistler, ¶ 13.  Thus, as of April 1, 2007, the HSBC Trust became the owner of the Knowles' mortgage and loan.  Kistler affidavit, ¶ 14.

In April 2008 Option One sold its rights to service mortgages, including the Knowles' mortgage, to American Home Mortgage Servicing, Inc. ("AMHSI"). Affidavit of Kistler, ¶ 15; *see also* defendant exs. A-9 and A-10.

According to the defendant, James Knowles became in default on the Note in the early part of 2009. Kistler affidavit, ¶ 16. Therefore, AMHSI sent James Knowles a mortgage modification package in November 2009. Defendant ex. A-11. In those documents, the HSBC Trust was identified as the lender on the Note.

In preparation to initiate foreclosure proceedings on plaintiff's home, an Assignment of Mortgage, from Sand Canyon Corporation f/k/a option One Mortgage Corporation to HSBC Bank USA, National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc., Asset-Backed Pass-Through Certificates, Series 2007-SHL1, was filed with the Probate Court of Madison County, Alabama, on May 19, 2011. Plaintiff ex. 6 (doc. 34). That document reflects an "effective date of May 2, 2011" although it was actually executed on May 9, 2011. *Id*. Also in May 2011, plaintiff received a notice of foreclosure on the home. Kistler affidavit, ¶ 17. At the time, payments were to be made to AMHSI. *See* plaintiff's statement of undisputed facts at ¶¶ 34-43. The foreclosure and any actions by AMHSI are the subject of

separate litigation and not before this court.[3] Rather, the sole issue in this case is whether the defendant, the HSBC Trust, violated TILA 15 U.S.C. § 1641(g)(1), as alleged by the plaintiff.

> The relevant section of TILA, was added in 2009. It requires that
>
> In addition to other disclosure required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer ...

15 U.S.C. § 1641(g)(1).

Defendant does not dispute that this section was enacted in 2009, that it applies to the transfer of mortgage loans, or that it must comply with this law from the date of its enactment forward. The defendant asserts that the HSBC Trust became the owner of the mortgage loan at issue on April 1, 2007, thus predating the above law, and that the plaintiff here, Beverly Knowles, was not a signatory on the Note securing the mortgage, thus drawing into question her standing to sue.[4]

---

[3] That action is styled as *James E. Knowles and Beverly K. Knowles v. American Home Mortgage Servicing, Inc.*, case number 5:11-cv-01670-AKK, also pending in the United States District Court for the Northern District of Alabama. Because facts surrounding the foreclosure action on plaintiff's home are squarely before the court in that action, the court will not consider any such facts here, other than to find the same not relevant to this issue in this case.

[4] James Knowles, the plaintiff's husband, passed away in November 2011, after this action was filed. *See* plaintiff depo. at 20. He signed all of the relevant documents while plaintiff's name appears only on the mortgage. Clearly, the Note is the obligation to pay borrowed money, the mortgage merely creates a lien against the property as security for that obligation. *See e.g, Foley v. Wells Fargo Bank, N.A.*, 2012 WL 1003504, 2 (S.D.Fla.2012)(distinguishing between a

## STANDARD OF REVIEW

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986); *Reeves v. C.H. Robinson Worldwide, Inc.*, 525 F .3d 1139, 1143 (11th Cir.2008). The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11th Cir.1987). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

---

Note (the debt) and a mortgage (a lien)).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case .... A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir.2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

## LEGAL ANALYSIS

The parties do not dispute that the loan in question was assigned to the defendant. *See e.g.*, defendant memorandum (doc. 39) at 7, plaintiff memorandum in support (doc. 34), at ¶ 36. Under amendments to TILA, no later than thirty days after the date a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g). This written notification must include: (1) the identity, address, telephone number of the new creditor; (2) the date of the transfer; (3) information regarding how to reach an agent or party authorized to act on the new creditor's behalf; (4) the location of the place where the transfer of the ownership of the debt is recorded; and (5) any other relevant information regarding the new creditor. *Id.* That section of TILA became effective May 19, 2009. *See* Pub.L.No. 111-22, § 404(a), 123 Stat. 1632, 1658 (2009). Neither party has suggested to the court that §1641(g) applies retroactively.

A borrower must bring an action for damages based on a faulty disclosure within one year from the date the violation occurs. 15 U.S.C. § 1640(e); *Smith v. Am. Fin. Sys., Inc.*, 737 F.2d 1549, 1552 (11th Cir.1984) ("Nondisclosure is not a continuing violation for purposes of the statute of limitations." (citations omitted)).

Thus, the plaintiff must identify when the mortgage loan at issue was sold to establish that this action is timely. Therein lies the main dispute before this court. Defendant has produced undisputed evidence that it bought the mortgage and note on April 1, 2007. *See e.g.*, affidavit of Kistler, ¶¶ 9-11; and defendant exs. A-5 through A-7. The plaintiff asserts that, in spite of the documentary evidence in support of the assignment occurring in 2007, the same is simply untrue. Plaintiff relies instead on the date the notice of assignment was filed in the Probate Office of Madison County, Alabama, that being May 2011.[5] *See* Plaintiff memorandum (doc. 34) at 14.

The court finds one of the plaintiff's quandary is thus: She asserts that the assignment on 2007 was not really an assignment, and that the court must look to May 2011 as the assignment date, to bring her claim within the time frame needed for an actionable claim, but fails to allege James Knowles, who was the holder of the

---

[5]The assignment of the mortgage is dated May 9, 2011, and states that the "Sand Canyon Corporation f/k/a Option One Mortgage Corporation" assigns its interest in the mortgage in question to defendant HSBC, as Trustee. The same document states its "effective date" is May 2, 2011. In spite of the May 19, 2011, filing date of the Assignment, the plaintiff repeatedly argues that the Court must consider May 9, 2011, to be the proper date. If the court was to agree, this action was filed prematurely. The statute in question allows a creditor thirty (30) days to provide the required notice. Assuming the assignment did occur May 9, 2011, the thirtieth day would be June 8, 2011. The action therefore could not accrue until June 9, 2011. Yet this action was filed June 8, 2011. *See e.g., Squires v. BAC Home Loan Servicing, LP*, 2011 WL 5966948, 2 (S.D.Ala.2011) (discussing accrual of claims under § 1641(g)).

Note, did not receive notice of the assignment post-dating May 9, 2011.[6]  Further confusing the issue is plaintiff's argument later in her memorandum that

> Since there in no evidence of a transfer in writing of the Knowles' loan to HSBC, other than the assignment at issue, the only question here is whether the ***July 2010*** assignment conveyed at least the "apparent ownership" necessary to vest "legal title" in HSBC for purposes of Section 1641(g).

Plaintiff's memorandum, at 20 (emphasis added).   The court has no evidence of a July 2010 assignment before it.

Further diminishing plaintiff's claim are the following undisputed facts: AHMSI became the loan servicer in 2008; plaintiff was aware of this; James Knowles was the sole signatory to the Note; AHMSI sent James Knowles a proposed mortgage modification in November 2009; plaintiff knew that proposal was received by her husband; and that proposal lists "Lender or Service ("Lender"): HSBC Bank USA, National Association, as trustee for benefit of the holders of the Citigroup Mortgage Loan Trust, Inc. Asset-Backed Pass-Through Certificates, Series 2007-SHL-1." See defendant ex. A-11 at 00310.  The plaintiff fails to offer any explanation why this in and of itself, did not put her or James Knowles on notice that the mortgage had been sold.

---

[6] Rather, the plaintiff's complaint clearly states "Defendant HSBC was required to notify Plaintiff in writing" and "Defendant HSBC failed to notify her at all..."  Complaint, ¶¶ 11-12.

Under Alabama law, there is nothing magical about the recordation of an assignment of a mortgage. Actual knowledge of the existence of a prior unrecorded mortgage has the same effect as if the mortgage had been duly recorded. *See e.g., Wittmeir v. Leonard*, 122 So. 330 (1929). A mortgage, though not recorded, is valid and passes title as between the parties. *See In re Haas*, 31 F.3d 1081, 1084 (11th Cir.1994), citing *Murphree v. Smith*, 291 Ala. 20, 277 So.2d 327, 329 (1973); *Alexander v. Fountain*, 195 Ala. 3, 70 So. 669 (1916); *Simon v. Sewell*, 64 Ala. 241 (1879). *See also Andrews v. Burns*, 11 Ala. 691 (1847). An assignment of a mortgage only must be in writing and duly executed. *See Dean v. Clark*, 116 So.2d 379 (1959). The recording of such assignment acts as notice thereof. *See e.g.*, Ala.Code § 35-4-63; *Hendley v. First Nat. Bank*, 180 So. 667, 674 (Ala.1937)(discussing effect of failure to record mortgage). *Stevens v. Whaley*, 181 So. 778, 780 (Ala.1938) (discussing effect of failure to record assignment of mortgage). Thus, the failure to record the 2007 assignment of the note and mortgage is relevant only to subsequent purchasers of the property, and in this case there were none.[7] *See e.g, Sixty St. Francis Street, Inc. v. Protective Life Insurance Co.,* 554 So.2d 1003 (Ala.1989).

---

[7]*See also Redman v. Federal Home Mortgage Corp*., 765 So.2d 630 (Ala.1999) (noting failure to record assignment of mortgage in order to allow assignor to continue to service the mortgage on behalf of assignee).

11

At the time of the May 2011 assignment, Sand Canyon Corporation f/k/a Option One Mortgage Corporation ("Sand Canyon"), could only assign whatever interest it still had in the mortgage and note, if any. The assignment of a remaining interest does not automatically assume a transfer in ownership occurred that date. Indeed, the court has no evidence before it that as of May 9, 2011, Sand Canyon had any interest left to assign. Thus, the court has no evidence before it that any transfer in ownership of the right to collect on the Note as secured by the mortgage occurred on May 9, 2011, and no notice under TILA was therefore due to plaintiff at that time.[8]

Because the court finds nothing which triggered defendant's duty under TILA, 15 U.S.C. § 1641(g), in May 2011, the court is of the opinion that the plaintiff's motion for summary judgment is due to be denied and the defendant's motion for summary judgment is due to be granted. The court does not reach the parties' other arguments for this same reason.

## CONCLUSION

Because this case is before the court on cross-motions for summary judgment, and the court is of the opinion that no genuine issues of material fact exist, the court is of the opinion that this matter is wholly disposed of by the cross-motions. The

---

[8]The plaintiff makes many other arguments concerning the propriety of the transaction by the defendant. The court does not consider any argument which does not directly relate to plaintiff's claim under § 1641(g) of TILA as that is the only issue properly before the court.

court **GRANTS** defendant's motion for summary judgment on the plaintiff's complaint, and **DENIES** plaintiff's motion for summary judgment.

The court **FINDS** that the above ruling renders the motion for class certification **MOOT**.

**DONE** and **ORDERED** this the 8th day of June, 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE